IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ELEONORA KOGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:06-00789 |
| | ) JUDGE HAYNES |
| TENNESSEE BOARD OF DENTISTRY, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Plaintiff, Eleonora Kogan, filed this pro se action under 42 U.S.C. § 1983 against Defendants, the Tennessee Board of Dentistry ("TBD"), members of the Board, officials from the Tennessee Department of Health, and Shauna Bradley ("Bradley"), a pharmacist. Plaintiff's claims are that Defendants violated her rights under the First, Fifth, Fourteenth, and Fifteenth Amendments and violations of 42 U.S.C. §§ 1981 and 1985. Plaintiff also asserts state common law claims for malicious prosecution, abuse of process, abuse of discretion, causing impairment while acting under color of state law, intentional infliction of emotional distress, false light invasion of privacy, and libel. All of Plaintiff's claims arise out of the TBD proceeding that revoked Plaintiff's license to practice dentistry. That revocation was later overturned.

Before the Court are Defendant Bradley's two motions to dismiss. (Docket Entry Nos. 45 and 82). Bradley's first motion cites Rules 4, 12(b), and 12(h) of the Federal Rules of Civil Procedure for insufficient process, and lack of jurisdiction. (Docket Entry No. 45). Bradley's second motion is under Rule 12(b)(6), for Plaintiff's failure to state a claim based upon her absolute immunity as a witness. (Docket Entry No. 82).

## A. Service of Process

On November 20, 2006, Plaintiff attempted to serve the complaint and summons on Bradley by certified mail at Blount Professional Pharmacy in Knoxville, Tennessee. (Bradley Summons, Docket Entry No. 9.) Plaintiff's return receipt was signed on or about November 22, 2006 by Gail Chesney, a cashier at the pharmacy. (Id.; Chesney Declaration, Docket Entry No. 57-3.) Defendant Bradley states that while she had been employed at the pharmacy previously, she was not employed there when service was attempted (Docket Entry No. 45 at 2). Gail Chesney was not Bradley's agent who could accept service on Bradley's behalf (Docket Entry No. 46 at 5).

In earlier proceedings, other Defendants complained of insufficient service of process (Motion to Quash, Docket Entry No. 28), and the Court granted Plaintiff additional time to effect proper service (Order Granting Motion to Quash, Docket Entry No. 50). Defendant Bradley was eventually served on or about July 7, 2007 (Bradley Summons #2, Docket Entry No. 85), at the same time that the other Defendants were served pursuant to the Court's order (Summonses, Docket Entry Nos. 84-100). The issue is whether Plaintiff's November 20, 2006 service was proper, and if not, whether good cause existed for Plaintiff's delay in not serving Bradley until July 7, 2007.

Federal Rule of Civil Procedure 4(e) provides that:

an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

2

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Tennessee Rule of Civil Procedure 4.04(10) allows for service by certified mail but provides that "[s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant."

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Service by mail is permitted under Tennessee law and would therefore be a permissible method of service under Fed.R.Civ.P. 4(e)(1). Tennessee law, however, requires personal acceptance by the person being served by mail. The return receipt accompanying Plaintiff's original attempt at service was signed by Gail Chesney, not Defendant Bradley. Thus, Plaintiff's service on Bradley is insufficient.

As to whether good cause existed under Rule 4(m) to excuse Plaintiff's delay in serving Bradley, Plaintiff originally attempted to serve Defendant Bradley at the address listed on the Tennessee Department of Health's website directory of licensed pharmacists. See http://health.state.tn.us/licensure/Practitioner.ASP?prof=9901&licnum=7066 (last visited March 24, 2008). In addition, the name under which Defendant Bradley was eventually served, Shauna

3

G. Upchurch (Bradley Summons #2, Docket Entry No. 85), differs from the name this Defendant gave during the hearings that form the basis of this action, see Excerpt of Transcript, Docket Entry No. 81-2 at 66 (giving Defendant's name as "Shauna Upchurch Bradley"). The name listed in the Department of Health Directory lists Defendant's address at Blount Professional Pharmacy. (Docket Entry No. 81-10, Practitioner Profile Data, directory entry for "Shauna Upchurch Bradley"). Under these circumstances, the Blount Professional Pharmacy address could be deemed the correct address for Defendant.

The Court finds that good cause under Rule 4(m), to justify Plaintiff's delay in serving Defendant Bradley. Thus, Defendant's motion to dismiss for insufficient service of process and lack of jurisdiction that is based upon insufficient process should be denied.

## B. Bradley's Immunity Defense

Plaintiff identifies only Courts Three, Five, Seven and Eight as applicable to Bradley. (Docket Entry No. 108 at 6), and identified Id. The relevant portions of count three read as follows:

> 53. Defendants ... conspired to have Shauna Bradley, pharmacist and member of the Tennessee Board of Pharmacy and State's witness to present false testimony to the Board of Dentistry in support of the State's (Second Amended) Notice of Charges which sought to revoke *a second time* the dental license of Dr. Kogan. It is inconceivable that a Board of educated, dental professionals could accept, without a backdrop of discriminatory intent and disregard to the deprivation of rights of the Plaintiff, the testimony of Defendant Bradley, S. stating that although she does not keep track of all people who come into her pharmacy to fill prescriptions, she specifically remembers the day, date and time when Dr. Kogan allegedly came to the pharmacy to have a prescription filled *over seven years ago* (at the time of her testimony) while also testifying on cross-examination by Plaintiff's counsel that she had no recollection of the computer generated marking on the prescription[,] the same prescription she stated in *the same* testimony she "personally [remembers] plac[ing] in the hand of Dr. Kogan," even though she testified earlier in the same proceeding that she initialed (by hand) the back of

4

every prescription that she herself filled and gave to the customer, nevertheless did not recognize the computer-generated initials of the prescription she stated she filled "and placed in the hand of Dr. Kogan."

54. Defendants members of the Board of Dentistry, including Board Director and Board Manager, as well as counsels Schmidt, J. and Weddle, H. knew or should have known that Defendant Bradley's testimony was not factual by virtue of obvious contradictions in her testimony on September 23, 2004 as the State's only, central witness. In fact, Bradley's testimony in response to the State's questioning was contradicted by [her] own responses on cross-examination to Plaintiff's counsel . . . . The fact that the Board knew or should have known of the lack of veracity to Defendant Bradley's testimony yet still credited her clearly contradictory testimony over that of Dr. Kogan (which was verified), only furthers the obvious: that the Board and General Counsel's Office and employees of the latter violated the Plaintiff's equal protection rights, pursuant to 42 U.S.C. § 1983, and possessed discriminatory intent or callous disregard that led to a discriminatory result in doing so.

(Complaint, Docket Entry No. 1 at 30-32.)

In count five for her abuse of process claim, Plaintiff alleges that the Defendants abused the TBD administrative proceedings by compelling Plaintiff to submit to a mental health examination and to reveal confidential information from Plaintiff's medical records. Id. at 38-39. In count seven for libel and invasion of privacy alleges that the Board of Dentistry "plac[ed] the Plaintiff before the public in a highly offensive and true manner" and publicized libelous statements about the Plaintiff on the Internet, and failed to remove those statements from the Internet after the Tennessee courts vacated the TBD's decisions. Id. at 52-53. Count eight of the complaint alleges discriminated based upon Plaintiff's race, national origin, religion, and immigrant status. This discrimination is manifested by the torts of false light invasion of privacy, libel, malicious prosecution, and abuse of process, admitted false testimony against her in a 2002 administrative hearing, and imposed unnecessarily burdensome and unjustified punishments upon her. Id. at 57-61.

5

To state a cognizable claim, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell v. Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (U.S. 2007). The Court must accept the complaint's factual allegations as true and to construe the complaint liberally in favor of the plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003), but "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). Indeed, "it is not . . . proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983). "[T]he complaint must contain 'either direct or inferential allegations respecting all the material elements' " of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)) and identify each Defendant's role. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

Federal and Tennessee law recognize absolute immunity for witnesses in legal proceedings. This immunity is "the long-established rule that private witnesses [are] absolutely immune from damages liability for their testimony in judicial proceedings." Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432, 437 (6th Cir. 2006) (citing Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983)); Simpson Strong-Tie Co. v. Stewart, Estes & Donnell, 232 S.W.3d 18, 22-23 (Tenn. 2007). In Spurlock v. Satterfield, 167 F.3d 995 (6th Cir. 1999), the Sixth Circuit noted:

> It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings. Thus, it is clear that [the defendant] would be insulated from liability for any testimony that he provided as a witness at trial, no matter how egregious or perjurious that testimony was alleged to have been . . . . Moreover, we note that the mere fact that plaintiffs may allege a conspiracy to render false testimony, as opposed to simply alleging that one person testified falsely at trial, does not waive absolute testimonial immunity. . . .

6

> [A]n alleged conspiracy to provide false testimony does not abrogate [the defendant's] right to absolute testimonial immunity.

Id. at 1001; Buckner v. Carlton, 623 S.W.2d 102, 108 (Tenn. App. 1981) ("[I]t is . . . the general rule that no civil action for damages lies for false testimony, or for subornation of false testimony, or for conspiracy to give or to procure false testimony.").

In Lambdin Funeral Service, Inc. v. Griffith, 559 S.W.2d 791 (Tenn. 1978), the Tennessee Supreme Court extended this privilege to administrative proceedings:

> It is generally recognized that statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel, slander, or invasion of privacy. Jones v. Trice, 210 Tenn. 535, 360 S.W.2d 48 (1962); Froehlich v. Adair, 213 Kan. 357, 516 P.2d 993 (1973); Munsell v. Ideal Food Stores, 208 Kan. 909, 494 P.2d 1063 (1972); Hagan v. Fairfield, 238 Cal. App. 2d 197, 47 Cal. Rptr. 600 (1965); 62 Am. Jur. 2d Privacy § 14; 53 C.J.S. Libel & Slander § 104. This absolute privilege holds true even in those situations where the statements are made maliciously and corruptly. Hayslip v. Wellford, 195 Tenn. 621, 263 S.W.2d 136, 42 A.L.R.2d 820 (1953). <u>It also holds true in administrative proceedings before boards or commissions that are clothed with the authority to revoke a license "after a hearing for good cause shown,"</u> as is the Tennessee Board of Funeral Directors and Embalmers. Independent Life Insurance Company v. Rodgers, 165 Tenn. 447, 55 S.W.2d 767 (1932). See also, Prosser, Law of Torts, 3d Ed. 1964, wherein it is noted at page 799 that:
>
>> The "judicial proceeding" to which the immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial function, ex parte, or otherwise, and whether the hearing is public or not. It includes for example, lunacy, bankruptcy, or naturalization proceedings, and an election contest. It extends also to the proceedings of many administrative officers such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial, or "quasi-judicial," in character. Thus the ordinary administrative proceeding to revoke a license is held to lie within the privilege.

Lambdin, 559 S.W.2d at 792.

Witness immunity does not necessarily extend, however, to acts taken before the

7

testimony is given. "The simple fact that acts may ultimately lead to witness testimony does not serve to cloak these actions with absolute testimonial immunity." Spurlock, 167 F.3d at 1001. In Spurlock, the Sixth Circuit found that fabricating evidence or manufacturing probable cause, even if they formed the basis for subsequent testimony, would not be cloaked by testimonial immunity. Id. at 1002.

Count three of the complaint alleges that Defendant Bradley presented false testimony during Plaintiff's hearings before the Board of Dentistry and that Defendant Bradley conspired with other Defendants to present false testimony. The allegations contained in paragraphs 53 and 54 of the complaint, assert that Defendant Bradley's testimony was false, contradictory, implausible, and lacked veracity. Plaintiff alleges blatant falsity and that the Board's unquestioning acceptance of the testimony, as evidence of the Board's discriminatory motive.

Plaintiff does not allege that Defendant Bradley fabricated evidence. According to Plaintiff, Bradley testified that she manually initialed each of Plaintiff's prescriptions. Plaintiff contends that such testimony is at odds with the fact that computer-generated initials actually appear on the prescriptions. Thus, the only specific factual allegations against Bradley in the complaint are that Bradley testified falsely. The Court concludes that this testimony is immune from liability under Sixth Circuit and Tennessee law.

In her response to Defendant Bradley's motion to dismiss, Plaintiff alleges additional facts about Bradley, including the following:

> Bradley's testimony on September 23, 2005 was based on prior conduct involving manufacturing and unlawful distributing of falsified pharmacy audit records to third parties without Plaintiff's knowledge or consent, and such conduct and activity being in violation of the Privacy Rule and the Health Insurance Protection

and Portability Act ('HIPAA') [sic].[1]

Docket Entry No. 108 at 2; see also id. at 10 (referring to "Defendant Bradley's conduct of falsifying and distribution of copies of Plaintiff's pharmacy records"); id. at 12 (referring to "Defendant Bradley's fabrication and production of false medical and pharmacy records"); id. at 18 (referring to "defendant's action in falsifying certain documents" and "Defendant Bradley's providing of falsified pharmaceutical/medical records"); and id. at 20 (stating that "it was Bradley and not another employee who could falsified [sic] Plaintiff's pharmaceutical records in an effort and in effect causing Plaintiff to have the drug use profile of some junkie").

Aside from the bare assertions that Defendant falsified, fabricated, or manufactured Plaintiff's pharmacy or medical records, Plaintiff fails to allege which records contain false or fabricated information. Fabrication of evidence is not protected by witness immunity. Plaintiff's assertion suggests that Defendant Bradley falsified Plaintiff's prescription drug usage. Plaintiff does not identify those prescriptions that Bradley allegedly lied about in her testimony. Absent such facts, Plaintiff's allegations of fabrication are no "more than labels and conclusions," and do not "rais[e] a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

Plaintiff argues that the "larger conspiracy exception" to testimonial immunity applies to her claims against Bradley. (Docket Entry No. 108 at 15-17.) The Tennessee Supreme Court discussed this exception in Brown v. Birman Managed Care, Inc., 42 S.W.3d 62 (Tenn. 2001):

> The larger conspiracy exception holds that a witness who gives false testimony that is a means to, or a step in, the accomplishment of some larger actionable conspiracy may not claim the privilege; his perjury can provide the basis for a

---

[1]The Court notes that while the Sixth Circuit has yet to address the question, federal courts are in accord that HIPAA is not enforceable through private causes of action. E.g., Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Easter v. Transport Service, Co., No. 3:07-cv-250, 2007 WL 4260809 (E.D. Tenn. Nov. 30, 2007).

9

subsequent civil action. This doctrine does not apply to a witness who merely conspires to give perjured testimony. Since committing perjury itself does not destroy the privilege, a rule that conspiring to commit perjury will destroy it makes little sense, or . . . it cannot be that a conspiracy to do a thing is actionable when the thing itself would not be. In contrast, the larger conspiracy exception applies where the conspiracy is to commit some wrong other than perjury, and the conspirators use the judicial system to help accomplish their plan.

Id. at 73 (citations and internal quotation marks omitted).

For this conspiracy exception, Plaintiff cites evidence that Defendant Bradley lied during her testimony before the Board of Dentistry and states, "From this evidence, it is a safe assertion to make that Defendant Bradley committed fraud and deceit, in making allegations to the detriment of Plaintiff during the aforementioned administrative hearing." (Docket Entry No. 108 at 16.) Aside from this conclusory allegations of perjury, Plaintiff did not identify any other facts of such a conspiracy that must be pled with particularity. Saunders v. Ghee, 48 F.3d 1219, 1995 WL 101289 (1995).

Plaintiff's counts five, seven and eight lack any factual explicit references to Defendant Bradley. Absent such specific factual allegation, these claims are dismissed for failure to state a claim.

For the above stated reasons, the Court finds Plaintiff's complaint fails to state a claim against Bradley who is entitled to absolute immunity. The Defendant Bradley's motion to dismissed should be granted.

An appropriate Order is filed herewith.

ENTERED this the ___ day of March, 2008.

WILLIAM J. HAYNES, JR.
United States District Judge

10