# IN THE UNTIED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ELEONORA KOGAN, D.D.S., | )<br>) |
| Plaintiff, | )  NO. 3:06-00789<br>)  JUDGE HAYNES |
| v. | )<br>) |
| TENNESSEE BOARD OF DENTISTRY, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Eleonora Kogan, filed this action under 42 U.S.C. §§ 1981, 1983 and 1985 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e against the Defendants: the Tennessee Board of Dentistry ("TBD") and its board members Jeffrey Clark, Bobby Cook, Eben DeArmond, John Douglas, Harold Fitts, Betty Gail Fox, Marlene Fullilove, Glen Greer, William Nally, Michael Taylor and Mark Wildasin as well as Tennessee Department of Health ("TDH"), Commissioner Kenneth Robinson, Paul David and Dean Smith, employees and Joseph Schmidt, Stephen Tepley, and Harry Weddle, TDH counsel.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages for the Defendants' alleged violations of her rights under the First, Fifth, Sixth, Fourteenth and Fifteenth Amendments. Plaintiff also asserts state law claims of abuse of process, malicious prosecution, libel, false light and invasion of her privacy. Plaintiff alleges that the State Defendants violated her federal constitutional rights by instituting and conducting two disciplinary hearing proceedings against her to revoke her dental license that included a requirement that Plaintiff submit to a mental examination. Plaintiff also asserts that the

Defendants have made statements that have barred from her employment by federal agencies and other states. Plaintiff's disciplinary hearings occurred in 2002 and in 2004 in which the TBD revoked her dental license. In two proceedings, the Tennessee appellate court initially and on remand, the trial court set aside TBD's decisions to revoke Plaintiff's dental license.

Before the Court is the Defendants' motion to dismiss or for summary judgment (Docket Entry No. 110) contending, in sum, that TBD is not a proper party for this action and that the doctrine of absolute immunity attaches to TBD's members and the TDH employees and its counsel who assisted in the administrative proceedings. In response, Plaintiff contends that the Defendants' motion should be denied pending discovery and that the Defendants continue to disparage her to other State licensing authorities.

## A. Analysis of the Record[1]

On August 14, 2001, TDH's counsel filed an administrative charge against Plaintiff, charging Plaintiff with unprofessional conduct, making false and misleading statements, and habitual intoxication or personal misuse of drugs[2]. TDH's issued the notice of charges to Plaintiff. The hearing was set for September 20, 2001. By letter on September 15, 2001, Plaintiff responded that due to her ill health, she was unable to attend. Plaintiff also disparaged the witnesses against her. The September 20, 2001 hearing was continued to January 24, 2002. There is not any documentary proof that Plaintiff actually received the documents changing the

---

[1] STD msj fn This section constitutes findings of fact except as to Plaintiff's claim for the Defendants' alleged disparaging statements that allegedly have stimatized Plaintiff in her pursuit of employment opportunities.

[2] This section is derived from Kogan v. Tennessee Board of Dentistry, 2003 WL 23093863 (Tenn. Ct. App. 2003).

2

hearing date. These documents are TDH's motion to continue the September 20, 2001 hearing and the Administrative Law Judge Order setting the January 24, 2002 hearing. Copies of that motion and Order to continue were mailed to Plaintiff at her last known address. The mail was returned "unclaimed."

Plaintiff did not appear at the January 24, 2002 hearing, but TDH presented its proof, including the testimony of witnesses. The TBD entered a default order against Plaintiff and revoked her license to practice dentistry. Plaintiff appealed to the Davidson County Chancery Court that upheld the Board's order, but on Plaintiff's appeal, the Tennessee Court of Appeals reversed. The Tennessee Court of Appeals vacated TBD's order and remanded the action for a new hearing based upon insufficient service of the notice of the continued hearing, as Tennessee administrative regulations require such notice to be sent by certified mail or by actual receipt.

On remand, the TDH dropped its previous charge of habitual intoxication or misuse of drugs, but pursued a charge of a false statement in Plaintiff's application for a dental license involving Plaintiff's denial of the use of chemical substances. Based upon Plaintiff's three letters to State officials, TBD required Plaintiff to submit to a mental examination. When Plaintiff failed to comply with that order, TBD amended its charges to include Plaintiff's violation of TBD's orders.

After the evidentiary hearing at which Plaintiff did not appear, TBD issued findings that Plaintiff wrongfully denied her current drug use on her dental licensure application given Plaintiff's twenty-three (23) chemical substance prescriptions. Plaintiff also failed to submit to a mental examination, as required by the TBD's previous order. TBD concluded that Plaintiff engaged in unprofessional or dishonorable conduct and violated TBD's order. TBD suspended

3

Plaintiff's license until she submitted to the previously-ordered mental examination.

On appeal, the Chancery Court rejected TBD's conclusion that Plaintiff had behaved dishonorably or unprofessionally and that TBD's charge about Plaintiff's medications use was unsupported by substantial and material evidence. As to TBD's order that Plaintiff submit to a mental examination, citing Tennessee common law and Tenn. R. Civ. P. 25, the Chancery Court noted that:

> [Plaintiff's] letter were intemperate and disturbing. The letters understandably caused the State (and ultimately the Board) concern about the kind of person Dr. Kogan is. However, moving from subjective concern to a mental examination is a broad leap.

(Docket Entry No.  , Exhibit C thereto at p. 9. TBD did not appeal the Chancery Court's decision.

## B. Conclusions of Law

Defendants initially contend that given the termination of revocation proceedings, Plaintiff's claim for declaratory and injunctive relief is moot, citing Lewis v. Continental Bank Corp., 494 U.S. 472 (1990); Ahmed v. Univ. of Toledo, 822 F.2d 26, 27 (6th Cir. 1987); McPherson v. Michigan High School Athletic Ass'n., Inc., 119 F.3d 453, 458 (6th Cir. 1997) (en banc); Buntin v. Breathitt County Bd. of Educ., 134 F.3d 796. 807 (6th Cir. 1998). The "case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis, 494 U.S. 472.

Although Plaintiff retired her license from the TBD on September 22, 2005, Plaintiff asserts that injunctive and declaratory relief are necessary because the State Defendants continue

4

to convey false and stigmatizing information about Plaintiff to other States and federal agencies. To this extent, the Court concludes that Plaintiff's claims are not moot.

As to TBD, as a state entity, TBD is not a "person" for Plaintiff's § 1983 claim. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-64 (1989). Plaintiff can maintain a § 1983 action against the individual Defendants in their official capacities, for injunctive relief. Id. at 71 n.10; Ex parte Young, 209 U.S. 209 U.S. 123 (1908). The Eleventh Amendment bars damages from state officials in their official capacities. Whittington v. Milby, 928 F.2d 188 (6th Cir. 1991). The Court concludes that Plaintiff's damages claims against the individual Defendants in their official capacities are barred as a matter of law.

As to Plaintiff's Title VII and Section 1891 claims, the Court concludes that none of the Defendants is an employer under Title VII and Plaintiff's dental license does not constitute a contract claim nor does Plaintiff complaint reveal Plaintiff's membership in a protected class was the basis for the Defendants' acts. Thus, Plaintiff's Title VII and section 1981 claims should be dismissed.

As to the Plaintiff's Section 1983 claims, in Watts v. Bukhart, 978 F.2d 269, 274 (6th Cir. 1992), the Sixth Circuit held that the members of the Tennessee Board of Medical Examiners were entitled to absolute immunity from money damages in a Section 1983 action for their performance of quasi-prosecutorial or quasi-judicial functions in administrative actions governed by the Tennessee Administrative Procedures Act. This absolute immunity extends to "the controversies with which the process deals with are often 'intense,' and the loser, given an opportunity to do so, will frequently charge the participants in the process with unconstitutional animus;" "absolute immunity is designed to free the judicial process from the harassment and

5

intimidation associated with litigation." Id. at 273.

Under the Dental Practice Act, the TBD is vested with the duty and responsibility of licensing and regulating practitioners of dentistry in the State of Tennessee. Tenn. Code Ann. §§ 63-5-101 et seq. These statutory duties include hearing and deciding disciplinary charges against dentists. Tenn. Code Ann. § 63-5-124. TBD receives administrative support from the TDH's Division of Health Related Boards ("DHRB"). Tenn. Code Ann. §§ 63-1-101, 63-5-101(b). The Division is responsible for all inspection functions of the Board, and has concurrent enforcement authority with it. Tenn. Code Ann. §§ 63-1-101, 63-1-122. DHRB's investigators, employees and consultants, investigates complaints against health care practitioners and others against dentists. Tenn. Code Ann. §§ 63-1-1 15, 63-1-132(a)(I) and (3).

Disciplinary action against a dentist are governed by Tennessee Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-301, et seq., that has its special protections for holders of state-issued licenses. Tenn. Code Ann. § 63-5-125. For example, if a DHRB investigation reveals that a dentist has violated the requirements of the Dental Practice Act and that action should be taken against the holder of the dental license, the DHRB must provide written notice of its intent to file charges and an opportunity for the respondent to cure the alleged violation(s). Tenn. Code Ann. § 4-5-320(c). If necessary, the DHRB must file a Notice of Charges with a copy to the affected person setting forth the factual and legal basis of the charges. Tenn. Code Ann. § 4-5-307. The Notice of Charges must be sewed at least thirty (30) days prior to a hearing. Tenn. Adm. R. & Regs. 1360-4-1-.06(2). Discovery is available to the parties, including inspection of nonconfidential agency files, consistent with the Tennessee Rules of Civil Procedure. Tenn. Code Ann. 5 4-5-311. An

6

Administrative Law Judge ("ALJ) from the Secretary of State's office renders rulings of law and to issue subpoenas and discovery orders. Tenn. Code Ann. § 4-5-301, 4-5-311.

After an evidentiary hearing, TBD issues its final order and the aggrieved party has the right to judicial review by the Davidson County Chancery Court. Tenn. Code Ann. § 4-5-322. Final orders under the UAPA are not automatically stayed by the filing of a petition for judicial review. Tenn. Code Ann. § 4-5-322(c). Pending judicial review, the aggrieved party may seek a stay of the final order. Tenn. Code Ann. § 4-5-3 16, 4-5-322(c). Appellate review is authorized. Tenn. Code Ann. § 4-5-323. The Court concludes that the statutes and regulations governing TBD and TDH staff and counsel are the same as in Watts. Thus, under Watts, the Court concludes that the TBD members are entitled to absolute immunity from damages.

As to Plaintiff's claim against the remaining individual Defendants who are the TDH Commissioner, staff and counsel, those Defendants are also enjoy immunity. In Bettencourt v. Bd. of Reg. in Medicine, 904 F.2d 772, 775 n.2, 784-85 (1st Cir. 1990), a state medical licensing board staff including its executive director, were held to be held immune for acts in an adjudicatory proceeding. See also Johnson v. Kegans, 870 F.2d 992, 996 (5th Cir. 1989). In Forman v. Ours, 804 F.Supp. 864, 868 (E.D. La. 1992), this immunity was extended to an assistant disciplinary counsel for a bar board. As long as the prerequisites of Watts are met, the Court concludes that immunity attaches to these Defendants who conduct investigations and initiate disciplinary actions.

As to Plaintiff's claims of the Defendants' continued communications of disparaging remarks to other State and federal officials, in Wood v. Strickland, 420 U.S. 308, 326 (1975), the Supreme Court emphasized that: "§ 1983 was not intended to be a vehicle for federal-court

7

corrections of errors in the exercise of that discretion [by state officials] which do not rise to the level of violations of specific constitutional guarantees". In Paul v. Davis, 424 U.S. 693 (1976), the plaintiff alleged defamation and invasion of privacy as a Fourteenth Amendment violation in a § 1983 action by the distribution of a police circular. The Supreme Court expressly rejected inter alia, the premise that the Fourteenth Amendment made every alleged wrong or tortious conduct by a government official actionable under § 1983 as the deprivation of a liberty interest.. Id. at 705. The Court affirmed the dismissal of the action. Even defamatory statements that would pose a "serious impairment of ... future employment opportunities" are not actionable. Siegert v. Gilley, 500 U.S. 226, 224 (1991). Yet, where the state officials' statement stigmatizes the person , id. at 233, or the statements resulted in the "attendant foreclosure from other employment opportunities " liberty interests are adversely impacted. Paul, 424 U.S. at 705.

Here, Plaintiff presents some proof (Docket Entry No. 139 and attachments thereto) that after the state administrative proceedings, she has been stigmatized by communications from the Defendants that are foreclosing her employment. Yet, the proof is that some information on state disciplinary proceedings were required by law to be published, (Docket Entry No. 145, Stone Affidavit) and since the conclusion of those proceedings, that information has been expunged and removed. Id. Yet, Plaintiff has cited a statement in 2006 that she remains debarred based upon information allegedly provided by state officials. (Docket Entry No. 139 ). The Court agrees that discovery is necessary before resolution of this claim that is outside the adjudicative administrative process that concluded in 2005.

Accordingly, the Defendants' motion for summary judgment should be granted on Plaintiff's federal law claims except as to Plaintiff's Fourteenth Amendment claim on the

defendants' alleged stigmatizing of Plaintiff precluding her employment opportunities. At the conclusion of discovery, the individual Defendants can renew their motion for summary judgment.

As to Plaintiff's state law claims, Tennessee law provides remedies for torts by state officials, Tenn. Code Ann. § 9-8-307(a)(1)(N) and (R). With this state law remedy defined by a specialized statute, the Court declines to exercise its pendant jurisdiction over Plaintiff's state law claims. See Beddingfield v. City of Pulaski, 666 F.Supp. 1064, 1066 (M.D. Tenn. 1987).

An appropriate Order is filed herewith.

Entered this the ___ day of September, 2008

William J. Haynes, Jr.
United States District Judge

9